UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                              Chapter 7

HIGH QUALITY NUTRITION COMPANY LLC,            Case No. 19-13675 (DSJ)

        Debtor.
-------------------------------------------------------------------x
Salvatore LaMonica, Solely in his Capacity as
Chapter 7 Trustee of High Quality Nutrition
Company LLC,

        Plaintiff,                                              Adv Proc No.:

  - against -

Facebook, Inc. d/b/a Meta,

        Defendant.
-------------------------------------------------------------------x

## COMPLAINT

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee (the "Plaintiff") of the High Quality Nutrition Company LLC estate (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against Facebook, Inc. d/b/a Meta (the "Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1. Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtor's bankruptcy case pursuant to 11 U.S.C. §§ 547 and 550 (the "Bankruptcy Code").

2. Subject to proof, Plaintiff also seeks to avoid and recover from the Defendant, or any other person or entity for whose benefit transfers, were made pursuant to Bankruptcy Code

1

sections 548 and 550 any transfers that may have been fraudulent conveyances.

3. In addition, Plaintiff seeks to disallow, pursuant to Bankruptcy Code section 502(d) and (j), any claim that the Defendant has filed or asserted against the Debtor, or will file or assert against the Debtor, or that has been scheduled or will be scheduled for Defendant.

4. Plaintiff does not waive, but hereby reserves, all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in Bankruptcy Code section 502(a) through (j).

5. This action is brought by Plaintiff in his capacity as the representative of the Debtor's estate, and for the benefit of the Debtor's creditors and other parties in interest.

## JURISDICTION AND VENUE

6. Since this action arises under the pending Chapter 7 case, the United States Bankruptcy Court, Southern District of New York (the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rules 6009 and 7001.

8. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(F), (b)(2)(H) and (b)(2)(O).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

10. Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## THE PARTIES

11. Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

12. Plaintiff is authorized to file this action under Bankruptcy Code section 323 and Bankruptcy Rule 6009.

13. Upon information and belief, the Defendant is Delaware corporation with its principal place of business located at 1601 Willow Road, Menlo Park, California 94025.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.  Procedural Background**

14. On November 16, 2019 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code in the Court.

15. On the Filing Date, HQNC Parent Inc., f/k/a Kettlebell Kitchen Inc. ("HQNC Parent"), Case No. 19-13674 (SMB), an entity related to the Debtor, also filed a voluntary petition for relief under Chapter 7 in this Court.

16. On November 21, 2019, the United States Trustee appointed Salvatore LaMonica as Successor Trustee in both the Debtor's and HQNC Parent's Chapter 7 cases, has since duly qualified and is the permanent Trustee administering these estates.

**B.  The Debtor's Business**

17. Prior to the Filing Date, the Debtor was engaged in business as a provider of "heat and eat" meals to health and fitness-conscious consumers through direct home deliveries or through pick-ups from gyms with which the Debtor had partnered.

18. The Debtor operated from two (2) production facilities: (a) one located at 87 and 97 Sunfield Avenue, Raritan Center, Edison, New Jersey 08837; and (b) the second located at 18527 S. Broadway, Gardena, CA, both of which were fully operational commercial kitchens.

19. The Debtor also had storage facilities where inventory and equipment were stored in connection with the operation of the two kitchens, as well as distributions centers, from which the prepared meals were distributed.

**C.  The Transfers**

20. Based upon a review of the Debtor's books and records, the Debtor made one or more transfers to the Defendant from its bank account within 90 days of the Filing Date.

21. Within the 90 days prior to the Filing Date, the Defendant received transfers in the total amount of $201,752.69, via wire transfer (the "Transfers"). A schedule of the Transfers is annexed as Exhibit "A".

**D.  The Debtor's Financial Condition**

22. Upon information and belief, in January 1, 2017, the Debtor had a net operating loss of $198,902, which effectively continued throughout the year.

23. Upon information and belief, by the end of December 31, 2017, the Debtor maintained its net operating loss of $216,236.

24. Upon information ad belief, in 2018, the Debtor was operating at a cost of approximately $2,000,000 per month, which was a substantial increase from 2017 and continued throughout the 2018 year.

25. Upon information and belief, in early in 2018, the Debtor also entered into a non-cancellable lease agreement dated February 1, 2018 for warehouse and office space for its Los Angeles location and entered into multiple equipment lease agreements with substantial monthly payments, as well as balloon payments at the end of the term.

26. Upon information and belief, during the year 2018, the Debtor was not capable of meeting its monthly operational funding needs as they matured.

**E.      Plaintiff's Diligence**

27.     Prior to commencing this adversary proceeding, Plaintiff, in consultation with his counsel and accountant, and after consideration of the limited records of the Debtor available to him and any proof of claim filed by the Defendant with the Court, concluded that the available information did not present any known or reasonably knowable affirmative defense under Bankruptcy Code section 547(c) that completely shields the Defendant from liability under Bankruptcy Code section 547(b).

**FIRST CLAIM FOR RELIEF**
**(Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 & 542)**

28.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "27" as if set forth fully herein.

29.     The Debtor has a legal and equitable interest in the funds comprising of the Transfers.

30.     The Debtor's legal and equitable interest in the funds comprising of the Transfers are property of the Debtor's estate.

31.     Upon information and belief, the Defendant is holding assets, which are property of the Debtor's estate.

32.     By reason of the foregoing, and in accordance with Bankruptcy Code sections 541 and 542, Plaintiff is entitled to the entry of an Order and Judgment directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $201,752.69, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**(Preferential Transfers Pursuant to 11 U.S.C. § 547)**

33. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "32" as if set forth fully herein.

34. The Transfers to the Defendant from the Debtor's account was made within ninety (90) days of the Filing Date.

35. The Transfers from the Debtor's account was made to, or for the benefit of, the Defendant.

36. The Transfers were made to, or for the benefit of, the Defendant to reduce or satisfy a debt owed by the Debtor to the Defendant, namely social media and/or advertising services.

37. The Transfers to the Defendant from the Debtor's account was made on account of an antecedent debt owed by the Debtor to the Defendant.

38. The Transfers were made while the Debtor was insolvent or the Debtor was rendered insolvent as a result thereof.

39. The Transfers to the Defendant from the Debtor's account enabled the Defendant to receive more than it would have otherwise receive: (a) in the Debtor's Chapter 7 bankruptcy case; (b) if the Transfers was not removed; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

40. As evidenced by the current claims filed in this case and the debt incurred to date, the liabilities of the Debtor's estate exceed $17,000,000.

41. Based on the information available to him, Plaintiff has considered the present known or reasonably knowable affirmative defenses that might be available to the Defendant and believes that net of prospectively bona fide statutory defenses, the Defendant has liability for the Transfers under Bankruptcy Code section 547(b) in a sum no less than $79,734.15, together with

6

interest thereon.

42. By reason of the foregoing, the Transfers from the Debtor's account are avoidable and recoverable by Plaintiff under Bankruptcy Code sections 547(b) and 550.

43. By reason of the foregoing, Plaintiff is entitled to an Order and judgment: (i) avoiding the Transfers from the Debtor's account to the Defendant; or (ii) a money judgment in an amount to be determined at trial. but in no event believed to be less than $79,734.15, *plus* interest thereon, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))**

44. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "43" as if set forth fully herein.

45. To the extent the Transfers was not made on account of antecedent debt, or was a prepayment for services subsequently rendered, Plaintiff pleads in the alternative that Plaintiff did not receive reasonably equivalent value in exchange for such Transfers.

46. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for the Transfers to the Defendant

47. Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfers or became insolvent as a result of this event; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or (c) intended to incur or believed that it would incur, debts that would be beyond its ability to pay as they matured.

48. The Transfers to the Defendant constitute fraudulent conveyances and are avoidable and recoverable under Bankruptcy Code section 548(a)(1)(B).

49. The Transfers to the Defendant were made to, or for the benefit of, the Defendant.

50. By reason of the foregoing, Plaintiff is entitled to an order and judgment: (i) avoiding the Transfers to the Defendant from the Debtor's estate; or (ii) a money judgment in an amount to be determined at trial but in no event believed to be less than $201,752.69, *plus* interest thereon, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" as if set forth fully herein.

52. The Defendant is unlawfully withholding property of the Debtor's estate.

53. The Defendant has not paid the amount of the Transfers that is property of the Debtor's estate to Plaintiff.

54. Pursuant to Bankruptcy Code section 502(d), any and all claims of the Defendant against the Debtor's estate, that have been filed or will be filed, including any and all claims assigned by the Defendant, must be disallowed until such time as the Defendant pays Plaintiff the amount equal to the Transfers, in an amount as yet undetermined, but in no event believed to be less than $201,752.69, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

55. Pursuant to Bankruptcy Code section 502(j), any and all previously allowed claims of the Defendant against the Debtor's estate, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to Plaintiff the amount equal to the Transfers, in an amount as yet undetermined, but in no event believed to be less than $201,752.69, *plus* interest thereon, costs, or such other amount as may be determined by the Court.

**WHEREFORE,** Plaintiff demands judgment on his claims for relief against the Defendant as follows:

(1) On his first claim for relief against the Defendant, for entry of an Order and Judgment, in accordance with Bankruptcy Code sections 541 and 542, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $201,752.69, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On his second claim for relief against the Defendant, for the entry of an Order and Judgment, in accordance with Bankruptcy Code section 547, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $79,734.15, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On his third claim for relief against the Defendant, for the entry of an Order and Judgment, in accordance with Bankruptcy Code section 548(a)(1)(B), directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $201,752.69, *plus* interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(4) On his fourth claim for relief and the Defendant, entry of an Order and Judgment disallowing claims present or future of the Defendant, if any, against the Debtor's estate; and

(5) such other and further relief as the Court deems just and proper.

Dated: November 10, 2021
Wantagh, New York

Respectfully submitted,
**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff, Salvatore LaMonica, solely in his Capacity as the Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500